This time we'll hear in re Prem Nath Well, he was here before, but he is not here now. Mr. Nath, are you here? Tom, what to look for? I'll call the case again. It is. I'll call the case again. In re Prem Nath. Mr. Nath is not here. Do you wish to argue? Go ahead. Good morning, Your Honors. May it please the Court, my name is Casey Howard from the firm of Lock Lord. I appear today on behalf of all of the appellees appearing today except for the IRS. That's SPS, U.S. Bank as trustee for the trust of 2002-NP14, and my own firm, Lock Lord. Appellants' appeals before this Court today should all be denied and the lower court affirmed for each instance for several reasons. First, the appellant fails to identify any errors made by the court below in any way. Second, at best, he's merely trying to relitigate decisions of fact that were made by the bankruptcy court and by the district court as well. Third, to the extent that he seeks the reversal of any of the lower decisions, they're all protected under the Rucker-Feldman doctrine because to make any reversal of any of the lower court's decisions would necessarily require an upending of two important decisions by the state court. The first of those is the judgment of foreclosure and sale, and the second is a decision denying Mr. Nath's motion to vacate that judgment and also to vacate the settlement agreement that Mr. Nath signed in court with advice of counsel. I'd like to talk just very briefly about those two judgments because I think that's the crux really of all the appeals the Court's dealing with in this matter. With respect to the foreclosure judgment, as was found in that court, as was affirmed effectively by Judge Drain and then Judge Karras, my client, the trust, the same one that appears before you today, perhaps a different trustee, but the same trust, holds the wedding note and they had standing. Now, the most important thing I'd like to turn Your Honor's attention to is a settlement agreement that was executed by Mr. Nath in court with advice of counsel. And the site on the record for that is, and this is from the 17-1921 appeal. It's in the supplemental appendix, pages 47 to 55. It's a crucial document simply because that document identifies, has Mr. Nath conceding that he owes his debt to the subject trust, that he would pay it, and most importantly, that if he didn't, he would waive all defenses including that of standing. He did not pay that. He then moved to vacate both the foreclosure judgment and that settlement agreement. That was denied. In that motion to vacate, he raised every single material fraud allegation that are in his so many papers that he has submitted to this Court. Both the foreclosure judgment and the decision on that motion to vacate has already decided everything before Your Honors today. Judges Karras and Drain both recognize that. They mainly made their decisions based on Rucker-Feldman. I think that's still appropriate here today. To the extent that they made any decisions with respect to findings of fact, those were made without error. And while Mr. Nath certainly wants to win, he doesn't identify any errors in those findings of fact. As a final point, I would raise that the remaindering attacks that are in his papers, as with the thousands of pages he has submitted to six different courts at this point, involve personal attacks on me, my partners in my firm, my client. Most recently in his sanctions motions to Your Honor, he was seeking sanctions against the state court judge that granted the foreclosure judgment against him. It's been 17 years through six courts. He's had five counsel or more representing him throughout this process. As Judge Karras recognized, and I would ask Your Honors to look at this, this is in the appendix for 17-806, pages 716 to 717. Judge Karras lays out the abuse of the judicial system that's really been carried out here. We have it on the papers. Thank you, Your Honors. With that, I can only ask that all of the underlying decisions be left undisturbed. And thank you for your time. Thank you. We'll hear the IRS if the IRS has something to add. Good morning, Your Honors. May it please the Court. Anthony Sun, an assistant United States attorney from the United States Attorney's Office for the Southern District of New York, on behalf of the United States and its agency, Internal Revenue Service. Your Honors, unless you have any questions, we would rest in the briefs. Thank you. Thank you. Thank you. We will reserve decision in PremNath versus Select Portfolio Servicing. We will reserve decision in PremNath versus Select Portfolio Servicing. And we'll reserve decision in PremNath versus the Internal Revenue Service.